IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE GRAVEL, INC., <br>       Plaintiff <br><br> v. <br><br> RSI HOLDINGS, <br>       Defendant. | C.A. No. 20-374 Erie <br><br> District Judge Susan Paradise Baxter |

## MEMORANDUM OPINION

### I. INTRODUCTION

#### A. Relevant Procedural History

This action was initiated by Plaintiff Wayne Gravel, Inc. on December 31, 2020, pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, to confirm an arbitration award that was entered on November 20, 2020, in favor of Plaintiff and against Defendant in the amount of $ 61,000.00, plus $ 8,756.35 in attorney's fees. Plaintiff alleges that Defendant never filed objections to the arbitration award; yet has failed to pay the amounts awarded. (ECF No. 1, Complaint, at ¶¶ 16-17).

Defendant was served with the complaint and a summons on January 27, 2021 [ECF No. 7-1], and, as a result, an answer to the complaint was due from Defendant on or before February 17, 2021. After Defendant failed to file a timely answer, Plaintiff filed a request for the entry of default on March 11, 2021 [ECF No. 12], and default was subsequently entered by the Clerk of Court against Defendant on March 12, 2021 [ECF No. 13].

On July 22, 2021, Plaintiff filed a motion for default judgment against Defendant [ECF No. 17], along with a motion for attorney fees [ECF No. 18][1], both of which are presently pending before this Court. Though a response to both motions was due to be filed by August 16, 2021, Defendant has failed to respond to either motion. This matter is now ripe for disposition.

**B.**     **Standard of Review**

Federal Rule of Civil Procedure 55(b)(2) provides that a district court may enter default judgment against a party when default has been entered by the Clerk of Court. The entry of default by the Clerk, however, does not automatically entitle the non-defaulting party to a default judgment. Hritz v. Woma Corp., 732 F.2d 1178, 1180 (3d Cir. 1984); D'Onofrio v. Il Mattino, 430 F.Supp.2d 431, 437 (E.D.Pa. 2006). Rather, the entry of default judgment is a matter within the sound discretion of the district court. Hritz, 732 F.2d at 1180. The Third Circuit has enumerated three factors that govern a district court's determination as to whether a default judgment should be entered: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000), citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). "However, when a defendant has failed to appear or respond in any fashion to the complaint, this analysis is necessarily one-sided; entry of default judgment is typically appropriate in such circumstances at least until the defendant comes forward with a motion to set aside the default judgment pursuant to Rule 55(c)." Mount Nittany Medical Center v. Nittany Urgent Care, P.C., 2011 WL 5869812,

---

[1] The motion for attorney fees merely asks the Court to approve the award of attorney fees included as part of the arbitration award sought to be enforced. No additional attorney fees are requested.

at *1 (M.D.Pa. Nov. 22, 2011), citing Anchorage Assocs. V. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n. 9 (3d Cir. 1990).

## II.   DISCUSSION

Here, all three of the foregoing factors weigh in favor of granting default judgment against Defendant. At this time, Defendant has been in default for nearly a year since its answer to the complaint was due and there is every reason to believe that such default will continue for the foreseeable future. Thus, if default judgment is denied, Plaintiff will be prejudiced by its inability to effectively enforce the arbitration award it seeks to have confirmed for an indeterminable period of time simply because Defendant has chosen to avoid responding to the complaint or to otherwise defend itself. As to the second and third factors, because Defendant has failed to participate in this litigation in any way, the Court cannot speculate as to whether it has a litigable defense or whether its default is due to culpable conduct. Thus, entry of default judgment against Defendant is appropriate. See, e.g., Broadway Music, Inc. v. Spring Mt. Area Bavarian Resort, Ltd., 555 F.Supp.2d 537, 542 (E.D.Pa. 2008) (entering default judgment where there was "nothing in the record to suggest that defendants have a litigable defense as to liability," and where defendants' decision not to defend against a complaint's allegations was found to be grounds for concluding that default was culpable); Mount Nittany, 2011 WL 5869812, at *1.

Because Plaintiff has shown that it is entitled to a default judgment, Defendant is deemed to have admitted "all well-pleaded allegations in the complaint," including the validity of the arbitration award in question, and the propriety of the amounts awarded, including the attorney fees assessed by the arbitrator. Comodyne I, Inc. v. Corbin, Jr., 908 F.2d 1142, 1149 (3d Cir.

1999), citing C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2688 at 444 (2d ed. 1983). According to the complaint and attached arbitration award [ECF No. 1-5], Defendant was found liable to pay to Plaintiff a total sum of $ 69,756.35, consisting of $ 61,000.00 in monetary damages and $8,756.35 in attorney fees. These amounts are entitled to a presumption of correctness, which Defendant has failed to rebut. United States v. Fior D'Italia, Inc., 536 U.S. 238, 242 (2002), citing, *inter alia*, Psaty v. United States, 442 F.2d 1154, 1160 (3d Cir. 1971); United States v. Taylor, 757 Fed. Appx. 194, 196 (3d Cir. 2018). Thus, default judgment confirming the arbitration award at issue will be entered in favor of Plaintiff, accordingly.

    An appropriate Order follows.